IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| DORA L. ADKINS, Plaintiff, | ) | |
| v. | ) | Civil Action No. 1:25-cv-02117 (RDA/WEF) |
| ROSSLYN SYNDICATE, LC, Defendant. | ) | |

**ORDER**

This matter comes before the Court on *pro se* Plaintiff Dora L. Adkins' Motion for Leave from the Court for a Proposed Emergency Amended Complaint. Dkt. 18. This Court previously denied Plaintiff's motion for leave to file an emergency complaint. Dkt. 10. In that Order, the Court noted that Plaintiff is a serial filer of frivolous lawsuits. *See, e.g.*, *Adkins v. American Service Center Associates, LLC*, No. 1:22-cv-956-LMB-WEF, Dkt. 3 (explaining that Plaintiff "has filed over 20 *pro se* frivolous complaints in this court since 1997, none of which survived a motion to dismiss" (citing *Adkins v. Mercedes-Benz USA, LLC*, 2022 WL 609554, at *2 (E.D. Va. Mar. 1, 2022)); *see also Adkins v. CP/IPERS Arlington Hotel, LLC*, 293 Va. 446, 452 (2017) (reviewing 41 of Plaintiff's past cases and concluding that she has "a history of (1) filing duplicative vexatious lawsuits, (2) without any objective good faith basis, and (3) at the expense of the court system and opposing parties").[1] As

[1] *See, e.g.*, *Adkins v. Microsoft Corp.*, No. 1:25-cv-747, 2025 WL 1503580 (E.D. Va. May 2, 2025) (denying motion for leave to file proposed emergency complaint and to expedite), *aff'd*, 2025 WL 2231845 (4th Cir. Aug. 1, 1025); *Adkins v. H R B Tax Group*, No. 1:25-cv-574, 2025 WL 1279181 (E.D. Va. Apr. 10, 2025) (same), *aff'd*, 2025 WL 2169984 (4th Cir. July 31, 2025); *Adkins v. Hilton Worldwide, Inc.*, No. 1:25-cv-670, 2025 WL 1279182 (E.D. Va. Apr. 24, 2025) (same), *aff'd*, 2025 WL 2169985 (4th Cir. July 31, 1025); *Adkins v. Shell USA Virginia, Inc.*, No. 1:25-cv-1112 (E.D. Va. July 9, 2025) (same); *Adkins v. 5 Star/Mar Y Mas*, No. 1:25-cv-237, 2025 WL 1905581 (E.D. Va. Feb. 25, 2025) (same), *aff'd*, 2025 WL 1513625 (4th Cir. May 28, 2025); *Adkins v. Park Hotels & Resorts*, No. 1:24-cv-2280 (E.D. Va. Dec. 17, 2025) (same), *aff'd*, 2025 WL 973016 (4th Cir. Apr. 1, 2025); *Adkins v. Davidson Hotel Co.*, No. 1:24-cv-2241, (E.D. Va. Dec. 13, 2024), *aff'd*, 2025 WL 973012 (4th Cir. Apr. 1, 2025); *Adkins v. JP Morgan Chase Bank*, No. 1:24-cv-894 (E.D. Va. Oct. 10, 2024) *aff'd*, 2025 WL 5200162 (4th Cir. Dec. 23, 2024).

a result, Plaintiff is subject to multiple prefiling injunctions in this District and the Court must screen Plaintiff's Complaint. Plaintiff's allegation in this case fall squarely within those prior prefiling injunctions. Indeed, Plaintiff herself acknowledge filing "three identical discrimination lawsuits" as well as multiple other cases raising similar allegations. Dkt. 18-1 at 3.

Plaintiff's proposed Amended Complaint fails for the same reasons that her original proposed complaint failed. Dkt. 10 (Order denying leave to file). To the extent that Plaintiff has alleged new allegations regarding her claim under Title II of the Civil Rights Act, the Court notes that Plaintiff has now asserted the Title II claim as an actual count and that she has alleged the protected characteristics based on which she alleges she has been discriminated (race and color). But Plaintiff still fails to plausibly allege that any of the acts of which she complains were related to a protected characteristic. *See Blackstock v. Hartsville YMCA*, 2017 WL 3530524, at *2 (D.S.C. July 28, 2017) (to state plausible claim under Title II, a plaintiff must plead facts showing that he or she is (1) a member of a protected class, (2) attempted to exercise the right to full benefits and enjoyment of a place of public accommodation, (3) was denied those benefits and enjoyment, and (4) was treated less favorably than similarly situated persons who are not members of the protected class), *report and recommendation adopted*, 2017 WL 3500178 (D.S.C. Aug. 16, 2017). Indeed, Plaintiff bases her claims on the alleged poisonings and acknowledges that the "core challenge for the Plaintiff will be to connect the alleged poisoning attempts . . . to a prohibited discriminatory ground." Dkt. 18-1 at 7. Plaintiff apparently argues that Defendant—and every other hotel at which she has stayed— must be acting based on one of Plaintiff's unidentified protected characteristics because "Plaintiff is subjected to such actions at 'EVERY hotel.'" *Id.* This is not sufficient to plausibly state a claim. Moreover, as Plaintiff concedes in her Amended Complaint, several of the torts of which she complains were only "potential" injuries or conduct. *Id.* at 37 ("potential food tampering"); *id.* at 69 ("potentially malicious acts"); *id.* at 182 ("potential long-term damage"). Thus, Plaintiff appears to acknowledge

the speculative nature of her claims and injuries. Moreover, Plaintiff's allegations regarding a "chemical smell" require a speculative leap that the chemicals were "dangerous" or that they somehow damaged Plaintiff. And, Plaintiff continues to see $16,000,000 in damages, further indication of the meritless nature of Plaintiff's claims. *See Anderson v. Pollard*, 2020 WL 9349174, at *2 (E.D. Va. Aug. 24, 2020) (dismissing complaint as frivolous partly on the basis of a *pro se* plaintiff seeking $75,000,000 in damages).

Accordingly, having screened the proposed Amended Complaint and finding that it fails to allege any plausible cause of action, it is hereby

ORDERED that the Motion for Leave from the Court to File a Proposed Emergency Amended Complaint (Dkt. 18) is DENIED.

To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of the Court within thirty (30) days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order Plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the Court of Appeals. Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

The Clerk is directed to send a copy of this Order to Plaintiff, who is proceeding *pro se*, and to close this civil action.

It is SO ORDERED.

Alexandria, Virginia
December 10, 2025

/s/
Rossie D. Alston, Jr.
United States District Judge